UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEHRANGIZ KAR, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN <br><br> *Defendant* | Civil Action No.: 1:19-cv-02070 |

## PLAINTIFF'S MOTION FOR WRIT OF EXECUTION

## PURSUANT TO 28 U.S.C. § 1610(c)

Pursuant to 28 U.S.C. § 1610(c), Plaintiffs, by and through undersigned counsel, hereby moves this Court for an order authorizing enforcement of the final judgment this Court entered on September 30, 2022. This judgment was served on Defendant the Islamic Republic of Iran ("Iran") on March 6, 2023, pursuant to 28 U.S.C. § 1608(e). Seven months have elapsed since the entry of judgment and more than six weeks have elapsed since Plaintiffs' service of the judgment on Defendant. Defendant has not made any effort to satisfy the judgment. Because a reasonable period of time has elapsed following the entry of judgment and the giving of any notice, entry of an order authorizing enforcement of the final judgment is appropriate.

## PROCEDURAL BACKGROUND

On September 30, 2022 this Court entered a final default judgment against Iran for compensatory and punitive damages. The Order states that plaintiffs are awarded compensatory damages in the following amounts: to plaintiff Mehrangiz Kar, $4,000,000 in solatium damages and $3,191,107.79 in prejudgment interest, for a total of $7,191,107.79; to plaintiff Azadeh

Pourzand, $2,500,000 in solatium damages and $1,598,447.54 in prejudgment interest, for a total of $4,098,447.54. It is further ordered that plaintiffs are awarded punitive damages in the following amounts: to plaintiff Mehrangiz Kar, $7,191,107.79; and to plaintiff Azadeh Pourzand, $4,098,447.54. (ECF No. 24).

Initially, on October 6, 2022, Plaintiffs mailed the copy of the Default Judgement with its translation, and Notice of Judgement with its Farsi translation to Iranian Interest Section in Washington, DC, with USPS (tracking #9405503699300358219825).

On December 21, 2022, and pursuant to 28 U.S.C. § 1608(a)(3), Plaintiffs requested this Court to effect service of the Order and Opinion, together with a translation of each into Farsi, the official language of Iran, via USPS to Saeed Iravani, the Iranian Ambassador and Permanent Representative of Iran to the United Nations. (ECF No. 26 ). The Court mailed those documents on December 21, 2022 and issued Certificate of Mailing (ECF No. 30), and the tracking information accompanying the USPS International Waybill shows that the documents were signed for by the Iranian Ambassador and Permanent Representative, Saeed Iravani on December 23, 2022. (ECF No. 30-1).

Plaintiffs also requested foreign mailing of the Order and Opinion, together with a translation of each into Farsi, by way of the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4). On December 21, 2022, the Clerk of Court entered a certificate of mailing showing that the Clerk mailed two copies of the default judgment, together with a translation of each into the official language of the foreign state, pursuant to 28 U.S.C. § 1608(a)(4) to the Department of State. (ECF No. 31).

On April 19, 2023, the Court docketed a letter from the U.S. Department of State showing that the Foreign Interests Section of the Embassy of Switzerland in Tehran executed the Service

of Default Judgement with its attachments against Islamic Republic of Iran on March 6, 2023. (ECF No. 32) These documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1016-IE on March 6, 2023.

As such, service of the judgment on Defendant has been completed under 28 USC 1608(a)(4) on March 6, 2023.

## ARGUMENT

Pursuant to 28 U.S.C. § 1610(c), "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." Accordingly, under this provision, Plaintiffs must show that 1) notice was properly given under 28 U.S.C. § 1608(e), and 2) a reasonable period of time has elapsed following entry of judgment and service of the judgment. Both requirements have been satisfied here.

### I.     Notice Requirement

First, Defendant was properly served under 28 U.S.C. § 1608(e). That provision states that a copy of a default judgment entered against a foreign state under the Foreign Sovereign Immunities Act ("FSIA") "shall be sent to the foreign state . . . in the manner prescribed for service in this section."

As this Court held in its Opinion granting the default judgment, "28 U.S.C. § 1608(a) outlines four ways to effect service on a foreign nation: (1) delivery of the summons and complaint 'in accordance with any special arrangement' between the plaintiff and foreign nation, (2) delivery of the summons and complaint 'in accordance with an applicable international convention,' (3) sending a copy of the summons and complaint and notice of suit, as well as translations 'by any

3

form of mail requiring a signed receipt,' and (4) by sending the relevant documents to the Secretary of State, who then transmits them 'through diplomatic channels.'"

As held by this Court in its Opinion granting default judgment, Plaintiffs could not effect service under 28 U.S.C. § 1608(a)(1) and (2) of the judgement in that Plaintiffs "could not rely on any special arrangement or international convention to serve Iran." Initially, Plaintiffs served the Default Judgement with the required attachments, as stated above, to the Iranian Interest Section in Washington, D.C on or about October 6, 2022. This first Notice has been delivered to Defendant more than six months (195 days) from the date of this Motion. Thereafter, as a result of the lack response form the Defendant, Plaintiffs attempted service under 1608(a)(3), which was executed on December 23, 2022. As of the date of service, hereof Defendant is yet to take any action to satisfy the judgement. As of the date of the service under 1608(a)(3), almost four months (117 days) have passed.

Subsequently, Plaintiffs turned to the method set forth in 28 U.S.C. § Section 1608(a)(4) in effecting proper service of the Default Judgement and other required documents against the Defendant. The service under 1608(a)(4) has been completed as of March 6, 2023. (ECF No. 32). As of the date of the service under 1608(a)(4), 44 days have passed.

Therefore, as of the date of this Motion, the Defendant received the proper Notice of the Default Judgement, both under 1608(a)(3) and 1608(a)(4).

**II.     Reasonable Period Requirement**

Plaintiff has to show that the reasonable period of time has elapsed since entry of the judgment on September 30, 2022, and the date of the service of that judgment on Iran to issue the Writ of Execution.

This Court has ruled on similar cases against the same Defendant and decided on "reasonable" time for the purpose of issuing the Writ of Execution. See, e.g., *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F.Supp.2d. 64, 67 (D.D.C.2001) (finding that six weeks was sufficient time given the facts of the case and noting that other courts have found two or three months sufficient); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) ("This court has repeatedly found that a period of a few months satisfies the time requirement of § 1610(c)."); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8-9 (D.D.C. 2015) ("In the absence of any evidence that the defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause."); see also *Warmbier, et al. v. Democratic People's Republic of Korea*, No. 1:18-cv-00977-BAH, ECF No. 41 (D.D.C. March 26, 2019) (three months since the entry of judgment and five weeks since service); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (concluding that two months was a reasonable period of time).

In this Case, the Default Judgement has issued on September 30, 2022, which is more than six months (6 months and 21 days). Also, it has been 195 days from the regular service, almost four months (117 days) from the time of service under 1608 (a)(3), and more than six weeks (44 days) from the time of service under 1608 (a)(4) on March 6, 2023. Since the September 30, 2022, Iran has made no effort to satisfy the judgment or make any indication that it intends to do so. It is worthy to mention that Iran, Defendant in numerous cases under FSIA, never satisfied any judgement of this Court or attempted to satisfy such Judgement, thus more time is not going to achieve any purpose but delaying the enforcement process by the Plaintiffs.

It has been more than 12 years since Iran's torture and detention of Siamak Pourzand and over seven months since this Court's judgment was entered. Collecting judgments from Iran is

both a complex and time-consuming process. Plaintiff asks that they finally be permitted to pursue justice against Iran.

## CONCLUSION

Plaintiffs satisfied the Notice requirement to the Defendant and a reasonable time has elapsed since the Judgement is issued. As of the date hereof, the Defendant has failed to take any action to satisfy the said Judgement. Therefore, Plaintiffs respectfully request that this Court grant this Motion and issue the Writ of Execution in this case under 28 U.S.C. § 1610(c).

Dated: April 19, 2023.                                Respectfully submitted,

_____

Ali Herischi, Esq. (MD0024)
Herischi & Associates LLC
7201 Wisconsin Ave., Suite 440
Bethesda, Maryland 20814
Phone: 301-363-4540
Fax: 301-363-4538
Email: ali.herischi@ibhlaw.com
*Attorney for the Plaintiffs*