# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MEHRANGIZ KAR et al.,**

    **Plaintiffs,**

       **v.**

**ISLAMIC REPUBLIC OF IRAN, et al.**

    **Defendants.**

                        **Civil Action No. 19-2070 (JDB)**

**BANAFSHEH ZAND,**

    **Plaintiff,**

       **v.**

**ISLAMIC REPUBLIC OF IRAN et al.**

    **Defendants.**

                        **Civil Action No. 19-2602 (JDB)**

## ORDER

Before the Court are two motions for writ of execution in <u>Kar v. Islamic Republic of Iran</u>, Civ. A. No. 19-2070 (JBD), and <u>Zand v. Islamic Republic of Iran</u>, Civ. A. No. 19-2602 (JDB). Plaintiffs ask the Court to enter an order authorizing enforcement of the final default judgment the Court entered in their favor in September 2022. For the reasons explained below, the Court will grant the motions.

The Court will assume familiarity with the facts of these cases, <u>see</u> <u>Kar v. Islamic Republic of Iran</u>, Civ. A. No. 19-2070 (JDB), 2022 WL 4598671, at *1–3 (D.D.C. Sept. 30, 2022); Sept. 30, 2022 Mem. Op. [ECF No. 21] ("<u>Zand</u> Op.") at 2–7, and will thus only recite the facts necessary to resolve the instant motions. On September 30, 2022, the Court granted plaintiffs' motions for default judgment, finding defendants liable for plaintiffs' injuries related to defendants' hostage

1

taking, torture, and extrajudicial killing of Siamak Pourzand, who was the spouse of plaintiff Mehrangiz Kar and father of plaintiffs Azadeh Pourzand and Banafsheh Zand. Kar, 2022 WL 4598671, at *17; Zand Op. at 35–37. The Court accordingly awarded plaintiffs compensatory damages with prejudgment interest and punitive damages. Kar, 2022 WL 4598671, at *23; Zand Op. at 48; see also Sept. 30, 2022 Order [ECF No. 24][1] (listing exact amount of damages awarded to each plaintiff).

Plaintiffs mailed a copy of the default judgment and its translation in Farsi, the official language of Iran, to the Iranian Interest Section in Washington, D.C. on October 6, 2022. See Pl.'s. Mot. for Writ of Execution [ECF No. 33] ("Kar Mot.") at 2. On December 21, 2022, plaintiffs requested that the Clerk of Court effect service of the judgment and Opinion, with Farsi translations, via USPS to Saeed Iravani, the Iranian Ambassador and Permanent Representative of Iran to the United Nations. Aff. Requesting Foreign Mailing [ECF No. 26]; Aff. Requesting Foreign Mailing [Zand ECF No. 22]. The Clerk mailed those documents on December 21, 2022, Certificate of Mailing [ECF No. 30]; Certificate of Mailing [Zand ECF No. 27], and tracking information shows that the documents were signed for by Iravani on December 23, 2022, Mot. at 2.[2] Plaintiffs also requested foreign mailing of the judgment and opinion, with Farsi translations, to the U.S. Department of State so that the judgment could be served through diplomatic channels,

---

[1] Unless otherwise indicated, all docket entry citations will refer to the filings in Kar v. Islamic Republic of Iran, Civ. A. No. 19- 2070. The Court will cite filings in Zand v. Islamic Republic of Iran, Civ. A. No. 19-2602, as "Zand ECF No. #."

[2] Plaintiffs cite ECF No. 30-1 to support that Iravani signed for the documents, but that exhibit does not lend support to that proposition. The Court entered the USPS tracking number featured on the mailing receipt, 9410803699300156600330, into USPS's tracking database, and the followed message populated: "Your item was delivered to an individual at the address at 1:12 pm on December 23, 2022 in NEW YORK, NY 10017. The item was signed for by S IRAVANI." USPS Tracking (available at https://perma.cc/HX3K-PPRF). Thus, the Court takes judicial notice that the judgment and accompanying documents were served on Iravani on December 23, 2022.

and the Clerk of Court mailed the documents on December 21, 2022.  Certificate of Mailing [ECF No. 31]; Certificate of Mailing [Zand ECF No. 28].

On April 19, 2023, the Clerk of Court docketed a letter from the U.S. Department of State showing that the Foreign Interests Section of the Embassy of Switzerland in Tehran executed service of the default judgment against the Islamic Republic of Iran Ministry of Foreign Affairs on March 6, 2023.  Aff. of Service [ECF No. 32]; Aff. of Service [Zand ECF No. 29].  The same day, plaintiffs filed the instant motions for a writ of execution.  See Kar Mot.; Pl.'s Mot. for Writ of Execution [Zand ECF No. 30] ("Zand Mot.").  Plaintiffs ask the Court to issue an order authorizing enforcement of the final judgments.

The Foreign Sovereign Immunities Act ("FSIA") provides that "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter."  28 U.S.C. § 1610(c). Section 1608(e), in turn, explains that "[a] copy of any . . . default judgment shall be sent to the foreign state . . . in the manner prescribed for service in this section."  The FSIA

> outlines four ways to effect service on a foreign nation: (1) delivery of the summons and complaint "in accordance with any special arrangement" between the plaintiff and foreign nation, (2) delivery of the summons and complaint "in accordance with an applicable international convention," (3) sending a copy of the summons and complaint and a notice of suit, as well as translations "by any form of mail requiring a signed receipt," and (4) by sending the relevant documents to the Secretary of State, who then transmits them "through diplomatic channels."

Kar, 2022 WL 4598671, at *4 (quoting 28 U.S.C. § 1608(a)).  "A plaintiff must move through the four service methods sequentially and may use the fourth method only if the first three methods fail or are impossible."  Cabrera v. Islamic Republic of Iran, Civ. A. Nos. 19-3835, 18-2065 (JDB), 2022 WL 2817730, at *2 (D.D.C. July 19, 2022) (citing Barot v. Embassy of the Republic of

3

Zambia, 785 F.3d 26, 27 (D.C. Cir. 2015)).  "The burden of proof to establish proper service [under the FSIA] is on the party on whose behalf service is made," 62 A.L.R. Fed. 2d 155 (2012) (citing Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp., 161 F.3d 314 (5th Cir. 1998))—here, that is plaintiffs.

Plaintiffs have carried their burden under this standard.  First, defendants were properly given notice of the judgement via service under § 1608(a).  As this Court previously acknowledged, "Plaintiffs [cannot] rely on any special arrangement or international convention to serve Iran," Kar, 2022 WL 4598671, at *4 (citations omitted), so the first two methods are unavailable to plaintiffs.  Plaintiffs effected the third method of service when they requested that the Clerk mail the judgment and accompanying documents, including Farsi translations, to Iravani, the Iranian Ambassador and Permanent Representative of Iran to the United Nations.  The Clerk did so, and the tracking information indicates that Iravani signed for the documents on December 23, 2022.  Iran has taken no action to satisfy the judgment, so plaintiffs turned to the last method of service: diplomatic channels through the State Department.  That service was effected, with the help of the Swiss Embassy in Tehran, on March 6, 2023, per the State Department letter.  Thus, plaintiffs have tried all the methods available to them to serve the judgment on defendants per § 1608(a) and have effected service through the third and fourth methods.

Second, the Court finds that plaintiffs have met the requirement "that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice."  28 U.S.C. § 1610(c).  It has been 166 days since plaintiffs effected service of the judgment on defendants the first time under § 1608(a)(3).  Defendants have thus been on notice of the judgment for nearly six months and have taken no steps to satisfy it.  "This court has repeatedly found that a period of a few months satisfies the time requirement of § 1610(c)."  Baker v. Socialist People's Libyan Arab

Jamahirya, 810 F. Supp. 2d 90, 101 (D.D.C. 2011); see also Owens v. Republic of Sudan, 141 F. Supp. 3d 1, 8–9 (D.D.C. 2015) ("In the absence of any evidence that the defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause.").  The Court finds that nearly six months of notice comfortably satisfies the time requirement.

*     *     *

For the reasons explained above, and in consideration of the entire record herein, it is hereby

**ORDERED** that [33] plaintiffs Mehrangiz Kar and Azadeh Pourzand's motion for writ of execution is **GRANTED**; it is further

**ORDERED** that [30] plaintiff Banafsheh Zand's motion for writ of execution is **GRANTED**; and it is further

**ORDERED** that plaintiffs may proceed to collect the final default judgment by attachment or execution against the assets of defendants.

**SO ORDERED.**

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  June 8, 2023